UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-54-REW-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DUSTIN MURPHY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 47 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Dustin Murphy's guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1). *See* DE 48 (Recommendation); *see also* DE 45 (Plea Agreement). Judge Ingram expressly informed Murphy of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 48 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 48, **ACCEPTS** Murphy's guilty plea, and **ADJUDGES** Murphy guilty of Count 1 of the Indictment; and

2. The Court will issue a separate sentencing order.[1]

This the 1st day of June, 2026.

Signed By:

*Robert E. Wier*

**United States District Judge**

_____

[1] At the hearing, Judge Ingram remanded Murphy to custody. *See* DE 47. This was his status pretrial. *See* DE 12. Absent an intervening order, Murphy will remain in custody pending sentencing.