**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:25-CR-054-REW**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **MEMORANDUM ADDRESSING UNRESOLVED GUIDELINE OBJECTIONS**

**DUSTIN MURPHY** **DEFENDANT**

* * * * *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affects the guideline calculations. Specifically, Murphy objects to the application of the five-level enhancement under U.S.S.G. § 4B1.5(b)(1) for being a repeat and dangerous sex offender against minors. The government agrees with the probation office that the enhancement should apply.

"In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 (career offender) not subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) the offense level shall be 5 plus the offense level determined under Chapters Two and Three . . ." U.S.S.G. § 4B1.5(b). Here, the offense of conviction is a covered sex crime, so the remaining question is whether another qualifying act of prohibited sexual conduct occurred. The probation office hinged its application on an event that occurred involving

the minor victim and Murphy. The minor victim reported that, during that encounter, Murphy entered the child's bedroom, grabbed the child, and took her into the closet. While inside the closet, Murphy touched the child's breasts and vagina over her underwear. [Presentence Investigation Report at ¶ 8].

At the sentencing hearing, the United States anticipates putting on evidence that shows the minor victim gave two statements during the case, one to the Kentucky State Police on March 6, 2025, and another during a forensic interview at the Cumberland Valley Children's Advocacy Center on April 1, 2025. During both of those statements, given nearly a month apart, the minor victim gave remarkably consistent accounts of the incident in the closet. Given the consistency of those accounts and the detail with which she recounted the incidents, it is the position of the United States that sufficient evidence exists to believe that encounter occurred.

The closet encounter would qualify as another instance of prohibited sexual conduct under U.S.S.G. § 4B1.5. Application Note 4 of the guideline defines "prohibited sexual conduct", in relevant part, as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." U.S.S.G. § 4B1.5, n. 4(A). A defendant's prior uncharged crimes can count in this analysis. U.S.S.G. § 4B1.5, n. 4(B)(ii). Thus, if the Court finds the minor victim's account of the events sufficiently reliable, the closet encounter would allow for application of the pattern enhancement.

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that the Presentence Investigation Report is properly calculated and the Defendant's offense level, contained therein, is accurate. The

United States anticipates calling one witness at the sentencing hearing, Detective Jake Middleton of the Kentucky State Police.

Respectfully submitted,

JASON D. PARMAN
UNITED STATES ATTORNEY

By: s/ Justin E, Blankenship
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

*s/ Justin E. Blankenship*
Assistant United States Attorney